GARDEN, JUDGE;
In an opinion issued on September 2, 1976, this claim was disallowed for the reasons expressed therein. The claimant thereafter on October 25, 1976, moved this Court to grant a rehearing pursuant to Rule 15 of the Rules of Practice and Procedure of the Court of Claims. This Court, being of opinion that good cause had been shown for the granting of a rehearing, even though the motion was made in excess of the thirty (30) day period required by Rule 15, granted a rehearing which was held on November 17, 1976.
The facts which were developed at the prior hearing are fully set forth in the opinion issued on September 2, 1976, and reference to that opinion is hereby made for a recitation of such facts. At the rehearing, in addition to the claimant, A. James Manchin, former *200 State Director of REAP, and William P. A. Nicely, Mayor of the City of Parkersburg, testified on behalf of the claimant.
Mr. Manchin testified that on March 14, 1975, he together with one George Uller, the Director of Public Works of the City of Parkersburg, met with the claimant and that an agreement was entered into between the claimant and Mr. Uller on behalf of the City of Parkersburg and Mr. Manchin on behalf of the Department of Highways, whereby the claimant would raze a certain building situated at 14th and Latrobe Streets in the City of Parkersburg for a stated consideration. The existence of the contract was corroborated by Mayor Nicely.
Exhibits were introduced at the hearing which clearly demonstrated that this property in March of 1975 was owned by the State, having been earlier sold to the State for the non-payment of the 1969 taxes on the real estate. During the course of the work Mr. Manchin secured the use of respondent’s equipment for use by claimant in the demolition.
REAP, a former quasi federal agency, but, as admitted by counsel for respondent at the rehearing, had prior to March 14, 1976, been absorbed by the Department of Highways. Respondent resists payment of the claim on the ground that the subject property was not within a Department of Highways right of way and that no benefit was received as a result of the demolition of this building. Respondent further contends that Mr. Manchin had no authority to enter into the contract with the claimant and had exceeded his authority in so doing. While it may be true that Mr. Manchin did not have the authority to bind respondent to the contract with the claimant, we are of the opinion that respondent is bound under the doctrine of apparent authority. This doctrine was thoroughly discussed by our Supreme Court of Appeals in the case of General Electric Credit Corp. v. Fields, 148 W.Va. 176, 133 S.E. 2d 780, (1963) where quoting from 3 Am. Jur. 2d, Agency, Section 73, page 475, it is stated:
“Apparent authority, or ostensible authority, as it is also called, is that which, though not actually granted, the principal knowingly permits the agent to exercise, or which he holds him out as possessing. In effect, therefore, an agent’s apparent authority isj as to third persons dealing in good faith with the subject of his agency and entitled to rely upon such appearance, his real authority, and it may apply to a single transaction, or to a series of transations.”
*201 For the foregoing reasons we believe equity and good conscience compel us to make an award in favor of claimant in the amount of $499.00.
Award of $499.00.